## SUMMERFORD v. THE STATE.

1. There was no error in charging that the law is no respecter of persons, and that whether one of the parties is white and the other colored should have no weight with the jury.

2. The charge intimated no opinion as to the credit which should be given to

the witnesses, nor did it have a tendency to prejudice the minds of the jury against the defendant.

3. There was no error in the other rulings complained of; and the verdict was warranted by the evidence.

Submitted November 22, — Decided December 10, 1904.

Conviction of shooting at another. Before Judge Littlejohn. Dooly superior court. October 1, 1904.

Busbee & Busbee, for plaintiff in error.

F. A. Hooper, solicitor-general, contra.

LAMAR, J. It was not error to charge that the law is no respecter of persons, and that whether one of the parties interested is white and the other colored should have no weight with the jury. ·The caution was not improper. It had no tendency to prejudice their minds against the defendant, and intimated no opinion as to the credit they should give the different witnesses.

The 5th and 6th grounds of the motion do not contain complete assignments of error. One does not indicate the evidence of the officer which was objected to, and the other is qualified by a note of the judge which shows that he fully stated the principle on which the defendant relied. Indeed the only complaint is that the instructions complained of were given at the conclusion of the charge; but there is no indication as to how or why this was erroneous or operated to the prejudice of the defendant.

According to the statement of the defendant, the shooting was without malice and in self-defense,— the result of an altercation which began in words, and ended in each party shooting at the other. The evidence for the State made out a more serious offense against the defendant. There was no error in refusing to grant a new trial, where the verdict was shooting at another with a recommendation for misdemeanor punishment.

Judgment affirmed. All the Justices concur.